E-FILED
Monday, 06 July, 2020  09:31:58 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD, ILLINOIS

| | | |
|---|---|---|
| CALEB NEWMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-CV-3171 |
| | ) | |
| BRANDON BERKLEY, in his Individual Capacity, | ) | |
| AARON PICKETT, in his Individual Capacity, | ) | |
| PAUL COOPER, in his Individual Capacity, | ) | **JURY DEMAND** |
| and CITY OF LINCOLN, a municipal | ) | |
| corporation, | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES, the Plaintiff, CALEB NEWMAN, by and through his attorney, Sara M. Vig of the law firm Vig Law, P.C., and for his Complaint against the Defendants, BRANDON BERKLEY, in his Individual Capacity, AARON PICKETT, in his Individual Capacity, PAUL COOPER, in his Individual Capacity, and CITY OF LINCOLN, a municipal corporation, states as follows:

### GENERAL ALLEGATIONS

### Preliminary Statement

1.      This is a civil rights action brought pursuant to 42 U.S.C. § 1983, seeking compensatory and punitive damages, litigation costs and attorneys' fees for a violation of Plaintiff's rights under the Fourth and Fourteenth Amendment of the Constitution and laws of the United States. P1aintiff also seeks recovery under state tort claims.

2.      The above-named and individually sued Defendants are employees and agents of the City of Lincoln, over the age of majority, and thus government actors liable for civil rights violations and personal torts.

**Jurisdiction and Venue**

3.      This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C.§ 1343(3) & (4), which confer original jurisdiction on federal district courts in suits to redress the deprivation of rights, privileges and immunities as stated above. The Court may address the pendent state claims pursuant to 28 U.S.C. §1367(a).

**Identification of the Parties**

4.      Plaintiff, Caleb Newman, is a resident of Lincoln, Illinois.

5.      Defendant, City of Lincoln, is a municipal corporation existing under the laws of the State of Illinois and is a corporate entity capable of suing and being sued.

6.      Defendant, Brandon Berkley, is a police officer employed by the City of Lincoln. He is being sued in his individual capacity.

7.      Defendant Aaron Pickett, is a police officer employed by the City of Lincoln.  He is being sued in his individual capacity.

8.      Defendant Paul Cooper, is a police officer employed by the City of Lincoln.  He is being sued in his individual capacity.

**The Incident**

7.      All actions of the police officers named herein were undertaken willfully and wantonly and with deliberate indifference to Plaintiff's constitutional rights and personal safety, while the officers were in uniform, while the officers were driving a marked squad cars, while the officers were on duty, and while the officers acted under color of state law.

8.      The individually named Defendants engaged in a course of conduct and plan that intended to deprive Plaintiff of constitutionally protected freedoms.

9.      The common plan, and the individual actions that reveal the common plan, constitute tortuous conduct for which Plaintiff should be compensated and for which Defendants should be civilly punished.

10.      On or about July 13, 2019, at approximately 6:06 p.m., Defendants Pickett, Berkley, and Cooper initiated a traffic stop on Plaintiff in Lincoln, Illinois.

11.      Prior to the stop, Defendants had been dispatched to 5th Street and South Main in Lincoln based on a complaint of reckless driving.

12.      Defendants Pickett, Berkley, and Cooper followed Plaintiff for approximately one and a half minutes before he turned off on a side street and stopped his car.

13.      Defendants Pickett, Berkley, and Cooper used their police cars to block Plaintiff in – one in front, one on the driver's side, and one in back.  There were two parked cars on the passenger side of Plaintiff's vehicle, thus ensuring that Plaintiff could not have driven away without the consent of Defendants.

14.      Defendants Pickett, Berkley, and Cooper immediately exited their squad cars with their guns drawn and rushed Plaintiff's car.

15.      Defendants shouted commands at Plaintiff from the moment they ran up on his car with their guns drawn.

16.      Plaintiff attempted to get out of his car in accordance with the Defendants' commands.

17.      Both of Plaintiff's hands were visible and empty as he attempted to exit his vehicle.

18.     As Plaintiff was exiting his vehicle, Defendants Pickett, Berkley, and Cooper reached in and pulled him out of his car.  One of the Defendants can be heard shouting "tase him!" as they forcibly dragged Plaintiff from his vehicle.

19.     After Defendants pulled Plaintiff from his car, they forced him down onto his face and chest on the hot July pavement.  Two of the Defendants were pinning Plaintiff's arms behind his back and forcing him to the ground as the third Defendant tased him in the back.

20.     As is plainly apparent from police squad car video, the Defendant who shot the taser into the Plaintiff's back then stood with his foot on Plaintiff's neck while the Plaintiff remained face-down on the pavement, with his hands cuffed behind his back, and with the other two Defendants on either side of his body.

21.     Defendants Pickett, Berkley, and Cooper willfully and wantonly and with deliberate indifference and callous disregard for Plaintiff's safety forced Plaintiff onto the pavement causing injury to his face, chest, head, and body.

22.     Defendants Pickett, Berkley, and Cooper willfully and wantonly and with deliberate indifference and callous disregard for Plaintiff's safety shot Plaintiff with a taser causing injury to his back and body.

23.     As a result of the malicious physical abuse of Plaintiff, the Defendants, Brandon Berkley, Aaron Pickett, and Paul Cooper, intentionally, willfully and wantonly and with deliberate indifference and callous disregard of Plaintiff's rights, deprived him of his right to be free from unreasonable seizures and the use of excessive force, all in violation of his rights guaranteed by the Fourth Amendment of the Constitution of the United States and 42 U.S.C. § 1983.

24.     As a direct and proximate result of the use of excessive force upon him by Defendants, Brandon Berkley, Aaron Pickett, and Paul Cooper, and intentional, willful and wanton and deliberate indifference to the Plaintiff's constitutional and statutory rights, Plaintiff, was brutally assaulted, attacked and battered whereby Plaintiff suffered wounds, medical expenses, lost wages, substantial pain and suffering, and humiliation.

## COUNT I

### (42 U.S.C. §1983 – Excessive Force)

For his first cause of action against Defendants Brandon Berkley, Aaron Pickett, and Paul Cooper, Plaintiff states as follows:

I - 24. Paragraphs 1 through 24 of the General Allegations of this Complaint are incorporated herein by reference, the same as though pleaded in full.

25.     The conduct of Defendants, Brandon Berkley, Aaron Pickett, and Paul Cooper, constituted excessive use of force and an unconstitutional abridgement of Plaintiff's right to be free from unreasonable seizures and the use of excessive force as secured by the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983.

WHEREFORE, Plaintiff prays that the Court:

A.     Assume jurisdiction over this action and set it down for jury trial;

B.     Declare that the individual Defendants' actions were violative of Plaintiffs civil rights for the reasons set forth herein;

C.     Declare that the individual Defendants' actions were tortious for the reasons set forth herein;

D.     Award compensatory damages in an amount to be determined at trial;

E.     Award punitive damages in the amount the jury finds proper, assessing the same against the individual Defendants in a joint and several order;

F.      Award Plaintiff the costs of litigation, including reasonable attorneys' fees and expenses pursuant to 42 U.S.C. § 1988; and other fee shifting, indemnification statutes or direct liability for medical expenses statutes; and

G.      Grant such other and further relief as the Court deems necessary and proper.


**COUNT II**

**(42 U.S.C. §1983 – Failure to Intervene)**

For his Second Cause of Action against Defendants Brandon Berkley, Aaron Pickett, and Paul Cooper, and the City of Lincoln Plaintiff states as follows:

1-24.    Paragraphs 1 through 24 of the General Allegation of this Complaint are incorporated herein by reference, the same as though pleaded in full.

26.     As described more fully above, one or more Defendants had a reasonable opportunity to prevent the violations of Plaintiff's constitutional rights as set forth above had they been so inclined, but failed to do so.

27.     Defendants' actions were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

28.     As a direct and proximate result of the misconduct described in this Count, Plaintiff's rights were violated and he suffered injuries, including but not limited to physical injuries and emotional distress.

29.     Plaintiff's injuries were caused by employees of the City of Lincoln and including, but not limited to the individually named Defendants, who acted pursuant to the policies and practices of the City of Lincoln as described in the preceding paragraphs.

WHEREFORE, Plaintiff prays that the Court:

A.      Assume jurisdiction over this action and set it down for jury trial;

B.      Declare that the individual Defendants' actions were violative of Plaintiffs civil rights for the reasons set forth herein;

C.      Declare that the individual Defendants' actions were tortious for the reasons set forth herein;

D.      Award compensatory damages in an amount to be determined at trial;

E.      Award punitive damages in the amount the jury finds proper, assessing the same against the individual Defendants in a joint and several order;

F.      Award Plaintiff the costs of litigation, including reasonable attorneys' fees and expenses pursuant to 42 U.S.C. § 1988; and other fee shifting, indemnification statutes or direct liability for medical expenses statutes; and

G.      Grant such other and further relief as the Court deems necessary and proper.

## COUNT III

### (Wilful and Wanton Conduct: State Law)

For his Third cause of action against Defendants Brandon Berkley, Aaron Pickett, and Paul Cooper, Plaintiff states as follows:

1-24.    Paragraphs I through 24 of the General Allegations of this Complaint are incorporated herein by reference, the same as though pleaded in full.

30.     The conduct of Defendants Brandon Berkley, Aaron Pickett, and Paul Cooper was willful and wanton and constituted the tort of battery upon the plaintiff without cause or provocation upon the part of Plaintiff.

WHEREFORE, Plaintiff prays that the Court:

A.      Assume jurisdiction over this action and set it down for jury trial;

B.      Declare that the individual Defendants' actions were violative of Plaintiffs civil rights for the reasons set forth herein;

C.    Declare that the individual Defendants' actions were tortious for the reasons set forth herein;

D.    Award compensatory damages in an amount to be determined at trial;

E.    Award Plaintiff the costs of litigation, including reasonable attorneys' fees and expenses pursuant to 42 U.S.C. § 1988; and other fee shifting, indemnification statutes or direct liability for medical expenses statutes; and

F.    Grant such other and further relief as the Court deems necessary and proper.

**COUNT IV**

**(Intentional Infliction of Emotional Distress: State Law)**

For his Fourth cause of action against Defendants Brandon Berkley, Aaron Pickett, and Paul Cooper, Plaintiff states as follows:

1-24.    Paragraphs 1 through 24 of the General Allegations of this Complaint are incorporated herein by reference, the same as though pleaded in full.

31.    In the manner described more fully above, the Defendants engaged in extreme and outrageous conduct.

32.    Defendants' actions set forth above were rooted in the abuse of power and authority.

33.    Defendants' actions set forth above were undertaken with intent or knowledge that there was a high probability that the conduct would inflict severe emotional distress and with reckless disregard of that probability.

34.    Defendants' actions set forth above were undertaken with malice, willfulness, and reckless indifference to the rights of others.

35.    As a direct and proximate result of this misconduct, Plaintiff suffered injuries, including but not limited to physical injuries and severe emotional distress.

WHEREFORE, Plaintiff prays that the Court:

A.      Assume jurisdiction over this action and set it down for jury trial;

B.      Declare that the individual Defendants' actions were violative of Plaintiffs civil rights for the reasons set forth herein;

C.      Declare that the individual Defendants' actions were tortious for the reasons set forth herein;

D.      Award compensatory damages in an amount to be determined at trial;

E.      Award Plaintiff the costs of litigation, including reasonable attorneys' fees and expenses pursuant to 42 U.S.C. § 1988; and other fee shifting, indemnification statutes or direct liability for medical expenses statutes; and

F.      Grant such other and further relief as the Court deems necessary and proper.

## COUNT V

## (Respondeat Superior)

For his Fifth cause of action against Defendants City of Lincoln, Plaintiff states as follows:

1-35.    Paragraphs 1 through 35 of this Complaint are incorporated herein by reference, the same as though pleaded in full.

36.    Defendants Berkley, Pickett, and Cooper were at all times relevant to this action employees and agents of Defendant City of Lincoln.  Each of the above-named defendants was acting within the scope of his employment when he engaged in the actions described in this complaint. Therefore, all of the individual defendants' acts and omissions are directly chargeable to the City of Lincoln pursuant to the doctrine of respondeat superior.

WHEREFORE, Plaintiff prays that the Court:

A.      Assume jurisdiction over this action and set it down for jury trial;

B.      Declare that the individual Defendants' actions were violative of Plaintiffs civil rights for the reasons set forth herein;

C.      Declare that the individual Defendants' actions were tortious for the reasons set forth herein;

D.      Award compensatory damages in an amount to be determined at trial;

E.      Award Plaintiff the costs of litigation, including reasonable attorneys' fees and expenses pursuant to 42 U.S.C. § 1988; and other fee shifting, indemnification statutes or direct liability for medical expenses statutes; and

F.      Grant such other and further relief as the Court deems necessary and proper.

## COUNT VI

### (Indemnification: State Law)

For his Sixth cause of action and against Defendant City of Lincoln, Plaintiff states as follows:

1-24.    Paragraphs 1-24 of the General Allegations of this Complaint are incorporated herein by reference, the same as though pleaded in full.

37.      Defendants, Brandon Berkley, Aaron Pickett, and Paul Cooper, acted in their official capacity as an employee of the Defendant, City of Lincoln, when engaged in in all of the willful and wanton actions set forth herein.

38.      Defendants, Brandon Berkley, Aaron Pickett, and Paul Cooper, acted within the course of their employment and in furtherance of the business of Defendant, City of Lincoln, when engaged in all of the willful and wanton actions set forth herein.

39.      Section 9-102 of the Local Government Tort Immunity Act provides that a local public entity must pay any tort judgment or settlement for compensatory damages which it or an employee, while acting within the scope of his employment, is liable. (745 ILCS 10/9-101).

WHEREFORE, Plaintiff prays that the Court:

A.      Assume jurisdiction over this action and set it down for jury trial;

B.      Declare that the individual Defendant's actions were violative of Plaintiffs civil rights for the reasons set forth herein;

C.      Declare that the individual Defendant's actions were tortious for the reasons set forth herein;

D.      Award compensatory damages in an amount to be determined at trial;

E.      Award punitive damages in the amount the jury finds proper, assessing the same against the individual Defendants in a joint and several order;

F.      Award Plaintiff the costs of litigation, including reasonable attorneys' fees and expenses pursuant to 42 U.S.C. § 1988; and other fee shifting, indemnification statutes or direct liability for medical expenses statutes; and

G.      Grant such other and further relief as the Court deems necessary and proper.

## COUNT VII

### (Medical Expenses: State Law)

For his Seventh cause of action and against Defendant City of Lincoln, Plaintiff states as follows:

1-24.    Paragraphs 1-24 of the General Allegations of this Complaint are incorporated herein by reference, the same as though pleaded in full.

40.     Section 3-15016 of the Counties Code provides that an arresting authority shall be responsible for any incurred medical expenses relating to the arrestee until such times as the arrestee is placed in the custody of the sheriff.  (55 ILCS 5/3-15016).

WHEREFORE, Plaintiff prays that the Court:

A.      Assume jurisdiction over this action and set it down for jury trial;

B.      Declare that the individual Defendants' actions were violative of Plaintiffs civil rights for the reasons set forth herein;

C. Declare that the individual Defendants' actions were tortious for the reasons set forth herein;

D. Award compensatory damages in an amount to be determined at trial;

E. Award punitive damages in the amount the jury finds proper, assessing the same against the individual Defendants in a joint and several order;

F. Award Plaintiff the costs of litigation, including reasonable attorneys' fees and expenses pursuant to 42 U.S.C. § 1988; and other fee shifting, indemnification statutes or direct liability for medical expenses statutes; and

G. Grant such other and further relief as the Court deems necessary and proper.

## JURY DEMAND

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.


Respectfully submitted,

CALEB NEWMAN, Plaintiff

/s Sara M. Vig

_____

Sara M. Vig, Attorney for Plaintiff


Sara M. Vig (#6297143)
Vig Law, P.C.
1100 S. Fifth St.
Springfield, Illinois 62703
Phone: 217-241-5628
Fax: 217-525-0901
Email: sara@vig-law.com