# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| CALEB NEWMAN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 20-cv-3171 |
| BRANDON BERKELY et al., | ) |
| Defendants. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Caleb Newman's Motion to Compel (d/e 22).  For the reasons set forth below, the Motion is DENIED in part with limited leave to refile.

## BACKGROUND

Plaintiff Newman alleges that the individual Defendants Brandon Berkley, Aaron Pickett, and Paul Cooper (Individual Defendants) were police officers employed by the Defendant City of Lincoln, Illinois (City).  On July 13, 2019, based on a complaint of reckless driving, the Individual Defendants were dispatched to the intersection of 5th Street and South Main in the City.  Upon reaching the scene, the Individual Defendants initiated a traffic stop of a car driven by Newman.  Newman alleges that the Individual Defendants violated his rights under the Fourth Amendment by

using excessive force and failing to intervene to stop the other Individual Defendants' use of excessive force during the traffic stop.  Newman also alleges state law claims against the Individual Defendants.  See First Amended Complaint (d/e 25).

The Court allowed Newman to amend his complaint to add Counts VIII and IX against the City for direct municipal liability under § 1983 pursuant to Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978) and City of Canton v. Harris, 489 U.S. 378 (1989).  First Amended Complaint, Counts VIII and IX (collectively Monell Claims); see Opinion entered April 6, 2021 (d/e 24).  Defendants must respond to the First Amended Complaint by April 21, 2021.  Id.

Defendants indicate that they intend to file a motion to dismiss.  Defendants also indicate that should the District Court allow the Monell Claims to proceed, the City will file a motion to stay, bifurcate, or otherwise delay discovery on the Monell Claims (Motion to Delay).  See Defendant's Response in Opposition to Plaintiff's Motion to Compel (d/e 26) (Response), at 2-3.

On November 24, 2020, Newman served Interrogatories and Requests for Production of Documents (Production Requests) on Defendants.  Defendants responded on February 19 and 26, 2021.  On

March 1, 2021, Newman's counsel sent the following email to defense counsel:

> Hi Tony:
>
> I write with respect to your objections to 10, 16, 25, 26, 30, 31, 32, and 33. We obviously believe that the documents requested are relevant, not overly burdensome, and designed to lead to other relevant and admissible information.
>
> Can we resolve this dispute without litigation? Thanks.
>
> Sara

Response, Exhibit A, Email correspondence between Plaintiff's Counsel Sara M. Mayo Vig and defense counsel Tony. S. Fioretti (Email Exchange).

On March 5, 2021, defense counsel responded:

> Counsel,
>
> We'll be standing on our objections.
>
> Regards,
> Tony Fioretti

Id.

> On March 19, 2021, Newman's counsel sent the following email:
>
> Does this apply also to your answers to interrogatories?

Id.

> On March 22, 2021, defense counsel responded:
>
> Yes. We will be standing on those objections as well.

Id.  On March 26, 2021, Newman filed the Motion.

This minimal email exchange does not meet the requirement to meet and confer to resolve disputes without court action.  See Fed. R. Civ. P. 37(a)(1).  The Court, in its discretion, however, will address the requests to produce 10, 16, 25, 26, 30, 31, 32, and 33 identified in Newman's March 1, 2021, email.  In the future, the parties must actually confer and make a good faith effort to resolve disputes without court action.

The Court denies any request by Newman to compel responses to Interrogatories and Production Requests not identified in the March 1, 2021 email.  Newman's attorney did not identify any other specific discovery response in dispute, let alone meet and confer to resolve such dispute without court action.   The March 19, 2021 email referred to Interrogatories generally but failed to identify any specific interrogatory answer that Newman's attorney believed to be insufficient and did not attempt to resolve any dispute regarding any answer.

The Court addresses Production Requests 10, 16, 25, 26, 30, 31, 32, and 33 separately.

Production Request 10

>10. Any and all employee records for the past ten (10) years, including but not limited to disciplinary investigations and dispositions and referrals to Employee Assistance Programs.
>
>RESPONSE: Defendants object to Request to Produce No. 10, as unduly invasive of personal privacy, unduly burdensome, irrelevant, not likely to lead to the discovery of relevant evidence, any applicable physician/patient or mental health provider privileges, and the discovery requested is disproportionate to the needs of this case. Plaintiff's complaint does not contain any *Monell* claims.

Newman's Request 10 and Defendants' responses are:

Motion, attached Defendants' Response to Plaintiff's Request for Production of Documents (Production Response), ¶ 10.  The objection is sustained.  Asking for production of records of all City employees is overly broad and not proportionate to the needs of the case, even to the Monell Claims.  The Monell Claims only relate to City police policy, practices, and customs, and do not relate to other City employees.

Production Request 16

Newman's Request 16 and Defendants' Response are:

>16. Any and all reports regarding the Lincoln Police Department deployment of a taser in the last ten (10) years and all video, audio, and other documents and reports relating to the deployment of a taser by each officer involved.
>
>RESPONSE: Defendants object to Request to Produce No. 16, as unduly burdensome, irrelevant, not likely to lead to the discovery of relevant evidence, and the discovery requested is

disproportionate to the needs of this case. Plaintiff's complaint does not contain any *Monell* claims, nor any claim other than indemnification or *respondeat superior* as against the City of Lincoln.

Production Response, ¶ 16.

The Court sustains Defendants' objections in part with limited leave to refile the motion. The evidence sought would not be relevant to the claims against the Individual Defendants. Newman, however, has now filed Monell Claims against the City. First Amended Complaint, Counts VIII and IX. Defendants' response to the First Amended Complaint is not yet due. The City intends to file a motion to dismiss the claims. The City may also file a Motion to Delay in order to delay discovery on Monell Claims. The request is also quite broad and goes back 10 years. In light of these considerations, the Court will not compel production at this time.

Rather, the Court orders the parties to engage in meaningful discussions to resolve their dispute over Production Request 16 within 14 days after the City files an answer to the Monell Claims in the First Amended Complaint; provided however, if the City files a Motion to Delay on or before the date on which the City files an answer to the Monell Claims in the First Amended Complaint, then the parties are ordered to engage in meaningful discussions to resolve their dispute over Production Request 16 within 14 days after the date discovery begins on the Monell

Claims as set forth in the Court's ruling on such Motion to Delay. If the parties are unable to resolve their dispute without resort to the Court, Newman may renew his motion to compel responses to Production Request 16.

Production Request 25

Newman's Request 25 and Defendants' Response are:

25. Produce all documents relating to the employment of each officer employed by the City of Lincoln for the ten years preceding this lawsuit.

RESPONSE: Defendants object to Request to Produce No. 25 as unduly burdensome, irrelevant, not likely to lead to the discovery of relevant evidence, and the discovery requested is disproportionate to the needs of this case. Plaintiff's complaint does not contain any *Monell* claims, nor any claim other than indemnification or *respondeat superior* as against the City of Lincoln.

Production Response ¶ 25. The Court sustains the objection. The request is overly broad and not proportionate to the needs of the case. Newman's Monell Claims relate to training and to the policies, practices, and customs in the use of force by City police officers. Producing every document related to the employment of every officer for 10 years would include volumes of documents that bear no relation to training or the use of force. The request is not proportionate to the needs of the case.

Production Request 26

Newman's Request 26 and Defendants' Response are:

26. Produce all documents that show complaints of abuse of authority made against officers of the City of Lincoln in the five years preceding the events giving rise to this lawsuit.

RESPONSE: Defendants object to Request to Produce No. 25 as vague in that the term "abuse of authority" is vague and undefined. Additionally, Request No. 25 is unduly burdensome, irrelevant, not likely to lead to the discovery of relevant evidence, and the discovery requested is disproportionate to the needs of this case. Plaintiff's complaint does not contain any *Monell* claims, nor any claim other than indemnification or *respondeat* superior as against the City of Lincoln.

Production Response, ¶ 26.

The Court sustains Defendants' objections in part with limited leave to refile the motion. For the reasons stated with respect to Production Request 16, the Court will not compel production at this time. Rather, the Court orders the parties to engage in meaningful discussions to resolve their dispute over Production Request 26 within 14 days after the City files an answer to the Monell Claims in the First Amended Complaint; provided however, if the City files a Motion to Delay on or before the date on which the City files an answer to the Monell Claims in the First Amended Complaint, then the parties are ordered to engage in meaningful discussions to resolve their dispute over Production Request 26 within 14 days after the date discovery begins on the Monell Claims as set forth in

the Court's ruling on such Motion to Delay. If the parties are unable to resolve their dispute without resort to the Court, Newman may renew his motion to compel responses to Production Request 26. The Court also agrees that the phrase "abuse of authority" is overly broad. The Court suggests that the parties attempt to reach agreement on a more defined set of circumstances such as complaints.

Production Request 30

> Newman's Request 30 and Defendants' Response are:
>
> 30. Produce all documents that show the policies, customs, and procedures for investigating complaints of abuse of authority against the officers, agents, and employees of the Lincoln Police Department of the City of Lincoln.
>
> RESPONSE: Defendants object to Request to Produce No. 30 as vague in that the term "abuse of authority" is vague and undefined. Notwithstanding the prior objection, see Use of Force Review Boards Policy 301, attached hereto as LINCOLN 000102-104.

Production Response, ¶ 30.

The Court sustains Defendants' objections in part with limited leave to refile the motion. For the reasons stated with respect to Production Request 16, the Court will not compel production at this time. Rather, the Court orders the parties to engage in meaningful discussions to resolve their dispute over Production Request 30 within 14 days after the City files an answer to the Monell Claims in the First Amended Complaint; provided

however, if the City files a Motion to Delay on or before the date on which the City files an answer to the Monell Claims in the First Amended Complaint, then the parties are ordered to engage in meaningful discussions to resolve their dispute over Production Request 30 within 14 days after the date discovery begins on the Monell Claims as set forth in the Court's ruling on such Motion to Delay.  If the parties are unable to resolve their dispute without resort to the Court, Newman may renew his motion to compel responses to Production Request 30.  Again, the phrase "abuse of authority" is overly broad.  The Court suggests that the parties attempt to reach agreement on a more defined set of circumstances such as complaints.  The Court also will not compel production of documents related to every City employee.  Such a request is not proportionate to the needs of the case.

Production Request 31

>Newman's Production Request 31 and Defendants' Response are:
>
> 31. Produce all documents that show the disciplinary actions for abuse of authority that may be taken against the officers, agents, and employees of the Lincoln Police Department of City of Lincoln.
>
> RESPONSE: Defendants object to Request to Produce No. 31 as vague in that the term "abuse of authority" is vague and undefined. Notwithstanding the prior objection, none.

Production Response, ¶ 31.  Newman's motion to compel a response to this request is denied as moot because Defendants responded that they have none.

Production Request 32

Newman's Production Request 32 and Defendants' Response are:

32. Produce all documents that show litigation in which each officer was a party.

RESPONSE: Defendants object to Request to Produce No. 32 as unduly burdensome, irrelevant, not likely to lead to the discovery of relevant evidence, and the discovery requested is disproportionate to the needs of this case. Additionally, the request implicates the attorney/client privilege. Furthermore, any evidence of litigation as against each officer is publicly available on PACER.

Production Response, ¶ 32.

The Court sustains the Defendants' objection.  The request is overly broad and not proportionate to the case.  The request has no time limit.  The request asks for documents about "officers," but does not indicate whether "officers" refers to the Individual Defendants or all City Police Officers.  Beyond that, the request asks for all documents related to all litigation.  Litigation could include anything from divorce, to employment discrimination, to real estate tax assessment appeals, to a myriad of other topics.  Such a broad request is not proportionate to the needs of the case.

Production Request 33

Newman's Production Request 33 and Defendants' Response are:

33. Produce all documents showing previous complaints and lawsuits filed against the officers, agents, and employees of the Lincoln Police Department of the City of Lincoln that charged abuse of authority, excessive force, and failure to provide medical care within the five years preceding the events giving rise to this lawsuit.

RESPONSE: Defendants object to Request to Produce No. 33 as vague in that the term "abuse of authority" is vague and undefined. Additionally, Request No. 33 is unduly burdensome, irrelevant, not likely to lead to the discovery of relevant evidence, and the discovery requested is disproportionate to the needs of this case. Plaintiff's complaint does not contain any *Monell* claims, nor any claim other than indemnification or *respondeat* superior as against the City of Lincoln.

Production Response, ¶ 33.

The Court sustains Defendants' objections in part with limited leave to refile the motion. For the reasons stated with respect to Production Request 16, the Court will not compel production at this time. Rather, the Court orders the parties to engage in meaningful discussions to resolve their dispute over Production Request 33 within 14 days after the City files an answer to the Monell Claims in the First Amended Complaint; provided however, if the City files a Motion to Delay on or before the date on which the City files an answer to the Monell Claims in the First Amended Complaint, then the parties are ordered to engage in meaningful

discussions to resolve their dispute over Production Request 33 within 14 days after the date discovery begins on the <u>Monell</u> Claims as set forth in the Court's ruling on such Motion to Delay.  If the parties are unable to resolve their dispute without resort to the Court, Newman may renew his motion to compel responses to Production Request 33. Again, the phrase "abuse of authority" is broad.  The Court also will not compel production of documents related to every City employee.  Such a request is not proportionate to the needs of the case.

THEREFORE, IT IS ORDERED that Plaintiff Caleb Newman's Motion to Compel (d/e 22) is DENIED in part with limited leave to refile.

ENTER:  April 19, 2021

s/ *Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE