# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| CALEB NEWMAN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 20-cv-3171 |
| BRANDON BERKLEY, in his individual capacity; AARON PICKETT, in his individual capacity; PAUL COOPER, in his individual capacity; and CITY OF LINCOLN, a municipal corporation, | ) |
| Defendant. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendants' Motion to Bifurcate and Stay Discovery of Plaintiff's <u>Monell</u> Claims (d/e 29) (Motion). For the reasons set forth below, the Motion is DENIED, with leave to refile the motion to bifurcate the trial after disposition of dispositive motions.

## BACKGROUND

The individual Defendants Brandon Berkley, Aaron Pickett, and Paul Cooper (Individual Defendants) were police officers employed by the Defendant City of Lincoln, Illinois (City). Newman alleges that on July 13,

2019, the Individual Defendants were dispatched to the intersection of 5th Street and South Main in the City based on a complaint of reckless driving. Upon reaching the scene, the Individual Defendants initiated a traffic stop of a car driven by Newman.  Newman alleges claims against Individual Defendants for violating his right under the Fourth Amendment by using excessive force and failing to intervene to stop the other Individual Defendants' use of excessive force during the traffic stop.  Newman also alleges state law claims against the Individual Defendants (collectively Individual Claims).  Newman alleges claims against the City for direct municipal liability under § 1983 pursuant to Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978) and City of Canton v. Harris, 489 U.S. 378 (1989).  First Amended Complaint, Counts VIII and IX (collectively Monell Claims).  See First Amended Complaint (d/e 25).

The Defendants have answered and disputed Newman's version of events.  See generally, Defendants' Answer to Plaintiff's First Amended Complaint (d/e 28) (Answer).  The Individual Defendants have also asserted a defense of qualified immunity, and all Defendants have raised one or more defenses under the Illinois Local Governmental and Local Governmental Employee Tort Immunity Act, 745 ILCS 10/101 et seq. (Tort

Immunity Act).  See Answer, First Affirmative Defense and Second Affirmative Defense.

The Defendants now ask the Court to bifurcate the trial of the Individual Claims from the trial of the Monell Claims and to stay the discovery and trial of the Monell Claims until after the trial of the Individual Claims.  Newman opposes the Motion.

## ANALYSIS

The Court has broad discretion is deciding whether to bifurcate trials.  Volkman v. Ryker, 736 F.3d 1084, 1089 (7th Cir. 2013).  This Court may order separate trials for convenience, to avoid prejudice, or to expedite and economize.  Fed. R. Civ. P. 42(b).  If one of these criteria is met, the Court may bifurcate trials as long as doing so will not prejudice the non-moving party or violate the Seventh Amendment right to a jury trial in civil cases at law.  Chlopek v. Federal Insurance Co., 499 F.3d 692, 700 (7th Cir. 2007).  In evaluating convenience, prejudice, and judicial economy, this Court considers the following factors:

> (1) whether the issues sought to be separately tried are significantly different from one another; (2) whether the issues are triable by a jury or the court; (3) whether the posture of discovery as to the respective issues suggests that they should or should not be tried together; and (4) whether the separate issues require testimony of different witnesses and documentary proof.

Wells v. Coker, 2014 WL 716518, at *3 (C.D. Ill. February 25, 2014). At this early stage of this proceeding the Court has little information with which to determine whether these factors weigh in favor or against bifurcation of the trial.

The Monell claims and the Individual Claims share some common issues. The § 1983 Individual Claims and the Monell Claims require proof that the Individual Defendants violated Newman's Fourth Amendment Rights. Bifurcating the trial may mean that Newman would have to prove the Fourth Amendment claim twice; the same witnesses may be required to testify in both trials. This would not promote judicial economy.

The Monell Claims, however, require proof of additional elements not relevant to the Individual Claims. Newman must show in the Monell Claims that the constitutional violations were caused by the City's policies, practices, or customs, or by the City's knowledge and that its training procedures created a substantial risk that the violations would occur and the City's responsible officials had the requisite indifference or disregard for the risk so created. Bifurcating the trials would simplify the trial of the Individual Claims by removing these issues from that trial.

The Defendants argue that the trial on the Monell Claims would be avoided completely if they prevailed on the Individual Claims. The Court

disagrees. Avoiding a second trial is not a certainty at this juncture even if the Individual Defendants prevail on the Individual Claims. For example, the Court could possibly direct a verdict at the close of evidence in a trial on the Individual Claims because the evidence demonstrated that the Individual Defendants were entitled to qualified immunity. See Rakovich v. Wade, 850 F.2d 1180, 1201-02 (7th Cir. 1988), overruled, in part, on other grounds by Spiegla v. Hull, 371 F.3d 928, 942 (7th Cir. 2004). Newman may be entitled to proceed with the trial on the Monell Claims, however, because the City has no qualified immunity defense. See e.g., Ruffino v. Sheahan, 218 F.3d 697, 700 (7th Cir. 2000). The Court and the parties may have to go through a second trial even if the Individual Defendants prevail on qualified immunity in the first. See Thomas v. Cook County Sheriff's Department, 604 F.3d 293, 305 (7th Cir. 2009); Wells, 2014 WL 716518, at *4. On balance, the existence of separate issues does not weigh in favor or against bifurcation at this juncture.

The current early posture of discovery does not demonstrate whether bifurcation would promote convenience or judicial economy, or cause prejudice to Newman. Staying discovery on the Monell Claims may promote convenience and judicial economy if the discovery on the Individual Claims produces information that demonstrates that the

Individual Defendants did not violate Newman's Fourth Amendment rights. If so, then the entire matter could be resolved at summary judgment on the Individual Claims. Neither party nor witnesses would need to incur the costs of discovery on the Monell Claims.

Discovery on the Individual Claims, however, may produce evidence that supports Newman's claims that his rights were violated. If so, staying discovery on the Monell Claims may result in deposing the same third-party witnesses a second time on additional issues in the Monell Claims. The Monell Claims would require a Rule 30(b)(6) deposition of the City as well as depositions of the City Police Chief and possibly other high-ranking officials in the City Police Department. Newman states that the Individual Defendants state in discovery responses that their actions were in accord with City Police Department policies. See e.g., Motion for Leave to File Amended Complaint (d/e 20), at 1-2. Given those statements, Newman would likely want to depose in his discovery of the Individual Claims the City, the Police Chief, and same the other high-ranking officials regarding City Police Department policies. Such duplicative depositions would not be convenient for anyone and would not promote judicial economy.

After careful consideration of the relevant factors, the Court determines that bifurcation at this juncture will not promote convenience or

judicial economy.  The Court is particularly concerned that delaying discovery may delay the matter and impose burden on non-party witnesses that may be required to sit twice for depositions.  The Court will not bifurcate the trials on the Individual Claims and Monell Claims at this time and will not stay discovery.

The Defendants argue that allowing discovery on the Monell Claims now before the Individual Claims are resolved will impose an undue burden on them.  They note that the Court sustained several objections to Newman's first document discovery requests as overly broad and not proportionate to the needs of the case.  Opinion entered April 19, 2021 (d/e 27) (Opinion 27), at 5-12.  The Defendants argue that further discovery on the Monell Claims will result in significant discovery litigation, expense, and delay for all parties and that this expense could be avoided if the Court stayed discovery on the Monell Claims until after the trial on the Individual Claims.

The Court is not convinced that the discovery on the Monell Claims will result in significant additional expense.  The Court instructed the parties to engage in meaningful discussions to resolve any future discovery disputes and further provided guidance on some issues regarding the appropriate scope of discovery requests.  See e.g., Opinion 27, at 8 (The

Court advised the parties that the phrase "abuse of authority" was overly broad.). The Court believes the parties and their counsel will comply with the Court's instructions and resolve most of their differences on future discovery without extensive discovery motion practice.

The Defendants also argue that the <u>Monell</u> Claims are not likely to prevail because Newman alleges only one instance in which City Police Officers allegedly used excessive force. The parties have done very little discovery, so the parties and the Court do not know the possible strength of the <u>Monell</u> Claims. Once the parties complete discovery, they may be in a much better position to evaluate whether bifurcation of the trial would be appropriate, but not now.

The Court, therefore, gives the Defendants leave to refile their motion to bifurcate the trial after summary judgment motions are resolved. The information developed in discovery and the resolution of summary judgment motions will place the parties and the Court in a much better position to determine whether bifurcation of the trial is appropriate in this case.[1]

---

[1] For example, if the Court determines at summary judgment that the Individual Defendants are not entitled to qualified immunity, then trying the Individual Claims alone may resolve the entire case. If the jury finds for Newman, he would receive a full recovery and the Court may not need to try the <u>Monell</u> Claims since he could not recover any more. See <u>Spanish Action Comm. of Chicago v. City of Chicago</u>, 766 F.2d 315, 321 (7th Cir. 1985) (no double recovery). If the Individual Defendants prevail because the jury determines that Newman failed to prove a violation of his rights, the Court may not need to try the <u>Monell</u> Claims because Newman cannot prove a violation of his rights. See <u>Thomas</u>, 604 F.3d at 305 (A

THEREFORE, IT IS ORDERED that Defendants' Motion to Bifurcate and Stay Discovery of Plaintiff's <u>Monell</u> Claims (d/e 29) is DENIED, with leave to refile the motion to bifurcate the trial after disposition of summary judgment motions.

ENTER: May 14, 2021

                                     s/ *Tom Schanzle-Haskins*
                                     TOM SCHANZLE-HASKINS
                                     UNITED STATES MAGISTRATE JUDGE

---

party cannot pursue claims under <u>Monell</u> after losing claims against the individual state actors if the result would be inconsistent verdicts.).